UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ULTIMATE NUTRITION, INC., | : | |
| | : | |
| Plaintiff, | : | NO. 3:06CV69 (MRK) |
| | : | |
| v. | : | |
| | : | |
| DIAMOND DRINKS, INC., and | : | |
| SUSCON, INC., | : | |
| | : | |
| Defendants. | : | |

## Ruling and Order

Presently pending before the Court is Plaintiff Ultimate Nutrition, Inc.'s Motion for Voluntary Dismissal [doc. # 102], in which Ultimate Nutrition moves this Court to dismiss this action without prejudice. Ultimate Nutrition states that it wishes to add additional defendants to the action (namely, MetaBEV, Inc. and its principal John Sbordone) but that those additional defendants would destroy complete diversity. Accordingly, Ultimate Nutrition seeks a dismissal without prejudice so that it can re-file this action in state court, where all appropriate parties can be joined. Defendants Diamond Drinks, Inc. and Suscon, Inc. are not opposed to a dismissal of this action, but they want the dismissal to be with, not without, prejudice. Alternatively, Defendants ask this Court to condition voluntary dismissal on Ultimate Nutrition fully reimbursing Defendants for $52,926 that the Court previously required Defendants to pay Plaintiffs and for $15,000 of attorneys' fees incurred to date. *See* Defendants' Objection to Motion for Voluntary Dismissal [doc. # 103]. Having considered the issues presented by the pending motion, the Court GRANTS Ultimate Nutrition's Motion for Voluntary Dismissal and dismisses this case without prejudice and without conditioning the dismissal on the payment of fees as Defendants request.

Rule 41(a)(2) of the *Federal Rules of Civil Procedure* provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Therefore, voluntary dismissal without prejudice, as Ultimate Nutrition seeks in this case, is not a matter of right. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Rather, the decision to grant a motion for voluntary dismissal without prejudice lies within the sound discretion of the trial court. *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). In exercising that discretion, the Second Circuit has instructed district courts to consider the following factors, the so-called "*Zagano* factors": "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14; *see D'Alto*, 100 F.3d at 284 ("Without its consideration of the *Zagano* factors, we cannot assess whether the district court abused its discretion in granting the plaintiffs' motion."). While no single *Zagano* factor is dispositive, courts generally will allow dismissal without prejudice absent a showing that defendants will be substantially prejudiced as a result. *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir.1985); *Icon Licensing Group, LLC v. Innovo Azteca Apparel, Inc.*, No. 04-CV-7888 (KMK), 2005 WL 992001, at * 2 (S.D.N.Y. Apr. 27, 2005); *Thomas v. N.Y. State Dep't of Corr. Servs.*, No. 00 Civ. 7163, 2004 WL 1871060, at *2 (S.D.N.Y. Aug. 20, 2004). Significantly, the prospect of "starting a litigation all over again does not constitute legal prejudice." *D'Alto*, 100 F.3d at 283 (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)).

Here, the Court is persuaded that the *Zagano* factors weigh in favor of allowing Ultimate Nutrition to dismiss the action without prejudice. First, Ultimate Nutrition has acted diligently in bringing the motion. Once it learned during the course of discovery of the involvement of MetaBEV and Mr. Sbordone and concluded that they could not be added to this case without destroying this Court's jurisdiction, Ultimate Nutrition promptly filed its motion. Defendants object that this action has been pending for two years and assert that Ultimate Nutrition should have learned of the involvement of MetaBEV and Mr. Sbordone sooner. However, it is Defendants' conduct that has been the principal reason why this action has been pending for two years. Defendants only appeared in this action in September 2006, two months after the District Court had entered a default judgment against Defendants. The next nine months were devoted to addressing Defendants' motion to reopen the default judgment. As a consequence, it was not until the summer of 2007 that discovery began. It was not until Rule 30(b)(6) depositions were taken in July 2007 that the involvement of Mr. Sbordone and MetaBEV came to light, and Ultimate Nutrition promptly moved thereafter. Therefore, the Court finds that Ultimate Nutrition has been diligent.

Second, Defendants do not claim that Ultimate Nutrition has acted vexatiously or in bad faith. *See Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 176 (E.D.N.Y. 1997) (finding no "undue vexatiousness" where motion was brought "in order to add a non-diverse party defendant, a permissible objective").

Third, this action is still in its early stages, as noted above. Thus, this case is unlike *Zagano*, where the action had been pending for over four years and the motion was filed ten days before the start of trial. Because this action is in its early stages, Defendants will not be prejudiced by dismissal without prejudice.

Fourth, dismissal without prejudice will not result in any substantial duplicative expense. Whatever efforts have been expended on discovery will be of value in the state court action that Ultimate Nutrition has filed. And while there has been considerable motion practice in this action, most of it has been related to Defendants' efforts to reopen the default judgment, and thus not attributable to Ultimate Nutrition. Finally, having all of the relevant parties in one action, rather than two, will conserve resources.

Fifth and finally, Ultimate Nutrition's explanation for why it needs to dismiss this action and re-file a new case in state court is sensible and permissible. "[C]ourts have recognized that the possibility of commencing another action in state court will not operate as a bar to granting the motion [to dismiss without prejudice] . . . [and] [c]onsistent with this principle, courts have granted a plaintiff's motion for voluntary dismissal in order to join a non-diverse party, thereby defeating the court's subject matter jurisdiction under 28 U.S.C. § 1332." *Mercer Tools*, 175 F.R.D. at 175; *see Icon*, 2005 WL 992001 at *3 (same); *Ahler v. City of New York*, No. 93 Civ. 0056 (SS), 1993 WL 362404, at *1 (S.D.N.Y. Sept. 13, 1993) (state court jurisdiction in plaintiff's best interest).

Accordingly, dismissal without prejudice is appropriate in this case. Defendants, however, ask the Court to condition such a ruling on Ultimate Nutrition reimbursing Defendants for fees that they paid to re-open a default judgment and for their counsel fees to date. The Court denies both requests.

There is no basis for requiring Ultimate Nutrition to reimburse Defendants for the fees that Defendants were required to pay in order to obtain a ruling re-opening the default judgments against them. And Defendants provide none. Judge Janet C. Hall, who presided over this case before the undersigned, imposed those fees as reimbursement for the amounts Ultimate Nutrition had expended

4

in obtaining default judgments against Defendants totaling nearly $300,000. *See* Order [doc. # 73]. While a court can certainly award fees and costs as a condition to obtaining a dismissal without prejudice, *see Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985), such an award is not designed to allow parties like Defendants to recover costs and fees that were incurred as a result of their own failure to timely appear in the action.

Instead, the purpose of such an award is to reimburse the defendant for duplicative and potentially unnecessary expenses. *See id.* Moreover, such an award generally is imposed only where there are "circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *Icon*, 2005 WL 992001 at *4 n.6; *see BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000). Here, there is no evidence of vexatiousness or bad faith on Ultimate Nutrition's part. Furthermore, Defendants have provided absolutely no explanation of the $15,000 they claim to have incurred, and therefore, it would not be possible to determine from Defendants' brief whether any of the $15,000 requested was for unnecessary expenses. *See ACEquip, Ltd. v. Am. Eng'g Corp.*, 219 F.R.D. 44, 46 (D. Conn. 2003) (denying request for an award of attorneys' fees and costs).

Therefore, the Court GRANTS Ultimate Nutrition, Inc.'s Motion for Voluntary Dismissal [doc. # 102]. **The Clerk is directed to dismiss this case without prejudice and to close the file.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: September 24, 2007.**